## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **JAMES G. FIELDS and** ) | **Chapter 7** |
| **LINDA J. FIELDS,** ) | **Case No. 09-62154** |
| ) | |
| **Debtors** ) | |
| ——————————————) | |
| ) | |
| **STELLARONE BANK** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Adversary Proceeding** |
| **v.** ) | |
| ) | **No._____** |
| **JAMES G. FIELDS** ) | |
| ) | |
| **and** ) | |
| ) | |
| **LINDA J. FIELDS** ) | |
| ) | |
| **Defendants** ) | |
| ——————————————) | |

## COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727

StellarOne Bank (the "Bank"), by counsel, for its Complaint Objecting to Discharge (the "Complaint") against James G. Fields ("Mr. Fields") and Linda J. Fields ("Dr. Fields") (collectively, the "Debtors"), states as follows:

### Procedural and Factual Background

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

2.     The Bank is a creditor of the Debtors and is entitled to bring this action pursuant to 11 U.S.C. § 727(c).

3.     The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 7, 2009 (the "Petition Date").

4.     Prior to the Petition Date an in connection with forbearance negotiations with the Bank, Mr. Fields emailed a copy of a trust agreement (the "Trust Agreement") to officers of the Bank, and the Debtors subsequently transmitted an account statement from The American Funds (the "Account Statement") purportedly showing the balances of investment accounts owned by that trust (the "Trust"). The Debtors are listed as beneficiaries of the Trust, and Dr. Fields' father, John Gonsky ("Mr. Gonsky") is listed as the trustee. According to the Account Statement, the Trust had assets in excess of $77,000,000.00 (the "Trust Funds") as of September 30, 2007. A copy of the Trust Agreement is attached as **Exhibit A**, a copy of the Account Statement is attached as **Exhibit B**, and a copy of the email from Mr. Fields to the Bank to which the Trust Agreement was an attachment is attached as **Exhibit C**.

5.     Upon information and belief, the Debtors also provided the Trust Agreement and/or the Account Statement to at least two other parties.

6.     Both Debtors executed a letter agreement (the "Letter") in which they acknowledged the existence of the trust and with which they transmitted the Account Statement to the Bank. A copy of the Letter is attached as **Exhibit D**.

7.     At the Section 341 meeting in this case held on September 2, 2009, Mr. Fields testified that "It [the Trust] doesn't exist". Later in that same hearing, Mr. Fields was asked "That trust doesn't exist, it's not an asset, is it?", and he responded "I don't know the answer to that question." Under oath in the Section 341 meeting, Mr. Fields also denied executing the Trust Agreement and denied that he provided the Agreement or the Account Statement to the Bank.

2

8.    At that same hearing, Dr. Fields testified that she did not believe she had signed the Trust Agreement and also denied any knowledge of the alleged Trust.

9.    In the related bankruptcy case of Smith Mountain Lake Partners, LLC, an entity owned by the Debtors ("SMLP"), Mr. Fields testified at a hearing in this Court on February 19, 2009, and he was examined about the Trust, the Agreement, and the Account Statement. He acknowledged communicating to the Bank that, as part of a planned restructuring, "...part of the funds would be coming from that [the Trust]... ", and he acknowledged that he and his wife had executed the Letter. Mr. Fields also testified that he had not previously seen the Account Statement, could not remember giving either the Account Statement or the Trust Agreement to the Bank, and did not know the balance of funds in the Trust. If the Trust does not exist, Mr. Fields did not disclose that fact, and his testimony on February 19, 2009, was designed to conceal that fact.

10.    Additionally, in a deposition taken on March 15, 2009, in connection with a pre-petition lawsuit against the Debtors by the Bank, Dr. Fields testified that she did not sign the Letter, but she also testified that she allowed Mr. Fields to "routinely" sign her name to legal documents. Further, she specifically testified that she (1) ratified the terms of the Letter and (2) treated the Letter as if she had signed it.

11.    The Debtors have not scheduled the Trust or the Trust Funds as assets in this case.

12.    Mr. Gonsky has executed an affidavit denying knowledge of the Trust, denying that he executed the Trust Agreement, and, to the best of his knowledge, denying that he is or has been the trustee of any trust of which the Debtors are beneficiaries. A copy of that affidavit is attached as **Exhibit E**.

## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)

13.     The Bank realleges and incorporates by reference the preceding paragraphs of its Complaint as if fully set forth herein.

14.     Prior to this bankruptcy, the Debtors disclosed the existence of the Trust to the Bank, and the Debtors represented that the Trust was the source of assets available to fund a possible forbearance with the Bank.

15.     The Debtors, by failing to disclose the Trust or the Trust Funds in the schedules or Statement of Financial Affairs, have concealed and/or transferred property of the Debtors and/or the estate from discovery by the Chapter 7 trustee and their creditors.

16.     Given the Debtors' continuing denial of the Trust's existence, the Debtors have concealed the Trust and Trust Funds with intent to delay, defraud or hinder their creditors and the Chapter 7 trustee.

## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)

17.     The Bank realleges and incorporates by reference the preceding paragraphs of its Complaint as if fully set forth herein.

18.     The Trust Agreement and Account Statement previously provided to the Bank by the Debtors contain vital information from which the Debtors' financial condition can be ascertained.

19.     To date, the Debtors have not disclosed information regarding the Trust or Trust Funds in their bankruptcy schedules.

20.     When questioned about the Trust and the Trust Funds, the Debtors have repeatedly denied knowledge about them.

4

21.     The Debtors have engaged in an ongoing pattern of conduct by which they seek to conceal the Trust and Trust Funds from disclosure in this case.

22.     Alternatively, if the Trust does not exist, then the Debtors falsified documents from which their financial condition or business transaction might be ascertained.

**OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)**

23.     The Bank realleges and incorporates by reference the preceding paragraphs of its Complaint as if fully set forth herein.

24.     The Debtors have testified in the present case that the Trust does not exist.

25.     The Debtors have testified in the present case that they neither provided the Trust Agreement or Account Statement to the Bank nor made any representations to the Bank regarding the Trust.

26.     If the Trust exists, the Debtors made false statements under oath in connection with this case regarding the Trust's existence, including, but not limited to, the statements made at the 341 meeting of creditors in this case.

27.     Whether or not the Trust exists, the Debtors made false statements under oath in connection with this case regarding their provision of the Trust Agreement and Account Statement to the Bank and other creditors and their execution of the Letter.

28.     The potential existence of a Trust with a balance of $77,000,000.00 is a matter that is material to the bankruptcy because it relates to assets that could be used for the benefit of the estate and because it relates to the history of the Debtors' financial condition.

29.     The Debtors made these statements knowingly and fraudulently.

30.     Alternatively, the Debtors have demonstrated a level of reckless indifference towards and casual disregard for the truth from which the Court can infer that they should have known that their statements were false and that, as a result, such statements were fraudulent.

**OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5)**

31.     The Bank realleges and incorporates by reference the preceding paragraphs of its Complaint as if fully set forth herein.

32.     If the Trust exists, the Debtors have not satisfactorily accounted for the Trust Funds.

33.     The Debtors have not satisfactorily explained the deficiency of assets to meet their liabilities, particularly in light of their pre-petition representations regarding the existence and value of the Trust.

**OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(7)**

34.     The Bank realleges and incorporates by reference the preceding paragraphs of its Complaint as if fully set forth herein.

35.     In SMLP's bankruptcy case, which was commenced within a year of the Debtors' case, Mr. Fields, knowingly and fraudulently, gave false testimony under oath regarding the Trust.

36.     Mr. Fields also testified in the SMLP case that he had no reason to believe that his wife's signature was not on the Letter.  If Mr. Fields signed his wife's signature to the Letter, then his statement in the SMLP case was further false testimony given under oath.

37.     SMLP is an insider of Mr. Fields and was at the time that he gave this false testimony.

6

WHEREFORE, StellarOne Bank respectfully requests that the Court enter an order denying the discharge of both Mr. Fields and Dr. Fields for the reasons set forth herein.

STELLARONE BANK

By: /s/ W. Calvin Smith
Counsel

Paul M. Black (VSB #24861)
W. Calvin Smith (VSB #46461)
Spilman Thomas & Battle, PLLC
310 First Street, Suite 1100 (24011)
Post Office Box 90
Roanoke, Virginia 24002-0090
Telephone:     (540) 512-1800
Facsimile:     (540) 342-4480
Email: pblack@spilmanlaw.com

1952644v2 – 14259.69